In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00198-CR


____________________



DEXTER JAMES THOMAS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 08-04770






MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Dexter James Thomas pled guilty to
robbery. (1) The trial court found the evidence sufficient to find Thomas guilty, but deferred
further proceedings, placed Thomas on community supervision for five years, and assessed
a fine of $1,000. The State subsequently filed a motion to revoke Thomas's unadjudicated
community supervision. Thomas pled "true" to three violations of the conditions of his
community supervision. The trial court found that Thomas violated the conditions of his
community supervision, found Thomas guilty of robbery, and assessed punishment at
eighteen years of confinement. 

 Thomas's appellate counsel filed a brief that presents counsel's professional
evaluation of the record and concludes the appeal is frivolous. See Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). On June 18, 2009, we granted an extension of time for appellant to file a pro
se brief. Thomas filed a letter in response, in which he contends his punishment was
excessive and seeks reinstatement of probation or a reduction of his sentence to five years
of confinement. We reviewed the appellate record, and we agree with counsel's conclusion
that no arguable issues support an appeal. Therefore, we find it unnecessary to order
appointment of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). We note that in the section entitled "Statute for
Offense[,]" the trial court's judgment incorrectly recites "29.03(a)(2) Penal Code[.]" See
Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon 2003) (aggravated robbery). This court has the
authority to reform the trial court's judgment to correct a clerical error. See Tex. R. App. P.
43.2(b); Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Therefore, we delete
this language and substitute "29.02 Penal Code" in its place. See Tex. Pen. Code Ann. §
29.02 (Vernon 2003) (robbery). We affirm the trial court's judgment as reformed. (2)

 AFFIRMED AS REFORMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 15, 2009

Opinion Delivered October 28, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Thomas was indicted for aggravated robbery, but he pled guilty to the lesser-included
offense of robbery. 
2. Appellant may challenge our decision in this case by filing a petition for discretionary
review. See Tex. R. App. P. 68.